```
                   UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION

DEBORAH F. OXENDINE,             )
                                 )
          Plaintiff,             )
                                 )
          v.                     )   NO.  3:17-cv-1459
                                 )   Chief Judge Crenshaw/Brown
WILSON COUNTY SHERIFF'S          )   JURY DEMAND
EMPLOYEES, et al.,               )
                                 )
          Defendants.            )
```

**TO:** **The Honorable Waverly D. Crenshaw, Jr.,**
**Chief United States District Judge**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge **RECOMMENDS** that the pending motion for summary judgment (Docket Entry 14) be **GRANTED**, and that this case be **DISMISSED** with prejudice. The Magistrate Judge further **RECOMMENDS** that any appeal from such a dismissal not be certified as taken in good faith.

### BACKGROUND

The plaintiff in this matter filed a complaint against Sgt. Lianus (Docket Entry 1) on November 15, 2017. In her complaint, plaintiff alleges that on November 18, 2016, she was booked into the Wilson County Jail. She alleges that shortly thereafter, she passed out due to blood pressure and blood sugar problems and hit her head on the concrete floor. She was examined by medical staff and determined to be alright. The plaintiff was then placed in a holding cell because the jail officials and medical staff decided she was on drugs. The plaintiff alleges that the holding cell she was placed in had no running water and that she was periodically moved to another

cell with no running water, causing difficulty drinking and using the bathroom. The plaintiff alleges that she was not on any type of drugs and was not taking any medication other than that prescribed by her doctors. She alleges that various jail officials would come by her cell calling her names and would not let her get any rest. The plaintiff alleges that her blood pressure was at stroke stage, well over 200, but that the jail officials continued to harass her. She alleges that sometime later she was in her cell trying to rest when the defendant, Sgt. Lianus, came to her door with medical and made statements to Medical Officer Shehan that he would show her how to handle inmates like the plaintiff. The plaintiff alleges that she had her hands at her side and that Sgt. Lianus came at her prompting her to raise her hands to shoulder height. She claims that Sgt. Lianus then grabbed her and pushed her toward the bed. The plaintiff alleges that at that time she thought she was going to fall and grabbed hold of defendant Lianus' shirt. The plaintiff alleges that Sgt. Lianus then trapped her hand and wrist behind the bed and maced her while Officer Neal placed handcuffs on her left hand. She alleges that defendant Lianus placed extreme pressure on her hand and wrist and she subsequently sustained injury that resulted in her having an operation on her hand and wrist. The plaintiff alleges that, as of the date of the complaint, she still has extreme pain with very little use of her hand.

The plaintiff submitted with her complaint a bill for approximately $56,000.00 for surgery she had on the hand and wrist. She finally alleges that medical records would show that she had to

wait some 12 hours before she was taken to an outside doctor where, she contends, the officers told the doctors that 40 inmates stomped on her hand. Attached to the plaintiff's complaint is a bill for outpatient services from November 27 - November 28, 2016, for $56,167.68 (Docket Entry 1, Page ID 10).

After review by the District Judge, the case was allowed to proceed and was referred to the undersigned Magistrate Judge for case management and a Report and Recommendation (Docket Entry 7). Service of process was obtained on Sgt. Lianus and he filed an answer on March 28, 2018 (Docket Entry 13). In his answer, he denied all claims.

Unfortunately, a scheduling order was not entered following the filing of an answer. However, the plaintiff was cautioned in the original order concerning her case (Docket Entry 7) that she would need to identify any additional defendants and would need to take action within 90 days of filing her complaint because of the statute of limitations. The next event in the case was the filing of a motion for summary judgment by Sgt. Lianus on November 19, 2018 (Docket Entry 14). This motion was accompanied by an attached statement of material facts, a memorandum of law, a declaration of Sgt. Lianus under oath, and a declaration by Officer Clarence Neal setting forth his version of the incident with the plaintiff.

On November 21, 2018, a scheduling order was entered with specific directions to the plaintiff on responding to the pending motion for summary judgment (Docket Entry 16). In that order, the plaintiff was forewarned that a dispositive motions must be responded

to within 28 days unless an extension was granted by the Court (Docket Entry 16, Page ID 70). She was further warned that failure to respond to the motion and statements of fact may result in the Court taking the facts alleged in the matter as true and granting the relief requested. The plaintiff was told that she could not simply rely on her complaint, but that she must show there was a material dispute of fact with citation to the record, affidavits, or other matters of evidence, and she was referred to Federal Rules of Civil Procedure 56 and Local Rules 56.01. The plaintiff was specifically told that if a dispositive motion was filed before the dispositive motion deadline, the response and reply dates were moved up accordingly. That order was sent to the plaintiff by regular mail and has not been returned as of the date of this Report and Recommendation.

### LEGAL DISCUSSION

Even though the plaintiff has not responded to the statement of material facts nor to the motion itself, the Court must nevertheless carefully review the motion for summary judgment to ensure that the defendants have established that there is no disputed material facts that would prevent the granting of the motion. Since the plaintiff did not respond to the statement of material facts (Docket Entry 14-1), they are taken as undisputed to the extent they are supported by evidence in the record. In this case, the statement of material facts are supported by the affidavits of Sgt. Lianus and Officer Neal. The plaintiff's complaint was not verified and the plaintiff has unfortunately failed to submit an affidavit in

4

opposition or any response to the motion. Although Rule 56 would allow the plaintiff to request additional time for discovery, and the time for discovery in the case is not closed, the plaintiff has taken no responsive action whatsoever in this matter.

## STANDARD OF REVIEW

Summary judgment is appropriate when the record viewed in the light most favorable to the nonmoving party reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter or law. Fed.R.Civ.P. 56(c). Where the moving party has carried its burden under Rule 56(c), the plaintiff in this case must do something more than simply show there is some possible doubt as to the material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In order to establish liability, the plaintiff must show that Sgt. Lianus used excessive force against the plaintiff. In this case, the evidence, which consists of the affidavits of Sgt. Lianus and Officer Neal, constitutes the admissible evidence in the matter. Unfortunately, the plaintiff has simply failed to respond to the motion with an affidavit of her own or to any other evidence which would contradict the two affidavits submitted.[1]

Unfortunately, given the plaintiff's total lack of response to

---

[1] It would have been helpful if, in support of statement 18 (Docket Entry 14-1, Page ID 50), the medical records concerning the nurses checking and clearing the plaintiff of all injuries were attached. It does appear that the plaintiff was billed over $56.000.00 for hospital outpatient services for treatments received one and two days after the incident complained of in the jail.

5

the motion for summary judgment, the Magistrate Judge must conclude that the motion is well taken and should be granted.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that the motion for summary judgment (Docket Entry 14) be **GRANTED** and that this case be **DISMISSED** with prejudice. The Magistrate Judge further **RECOMMENDS** that any appeal from a dismissal of this case not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **fourteen (14) days** from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have **fourteen (14) days** from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within **fourteen (14) days** of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. *reh'g denied,* 474 U.S. 1111 (1986).

**ENTERED** this 9th day of January, 2019.

                                           /s/ Joe B. Brown  
                                           JOE B. BROWN  
                                           United States Magistrate Judge